IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDELL ROY MITCHELL, TDCJ #1368068, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-15-3268 |
| v. | § § | |
| BRAD LIVINGSTON, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wendell Roy Mitchell is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Mitchell filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 8) concerning the conditions of his confinement. After determining that the Complaint improperly joined multiple lawsuits against multiple defendants in one civil action, the court issued an Order striking the Complaint and ordering Mitchell to re-plead in compliance with the Federal Rules of Civil Procedure (Docket Entry No. 13). Mitchell has filed an Amended Complaint (Docket Entry No. 17). Mitchell has also filed numerous motions, including a Motion for Sanctions (Docket Entry No. 14); an Application to Proceed In Forma Pauperis (Docket Entry No. 18); a Motion for Default Judgment (Docket Entry No. 19); a Motion to Extend Partial

Filing Fee and Re-instate Initial Pleading (Docket Entry No. 20); a Motion for Leave to File Amended Pleading (Docket Entry No. 21); a Motion for Preliminary Injunctive Restraining Order (Docket Entry No. 22); a Motion for Sanctions (Docket Entry No. 23); and a Motion for Initial Discovery (Docket Entry No. 24). Because Mitchell is incarcerated, the court is required to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). After reviewing all of the pleadings and the applicable law, the court will deny Mitchell's motions and will dismiss this action for reasons set forth below.

## I. Discussion

Mitchell is currently incarcerated by TDCJ at the Ferguson Unit in Midway, Texas.[1] Mitchell has sued the following officials and officers employed by TDCJ: (1) Executive Director Brad Livingston; (2) Assistant Director Matt Gross; (3) Warden Charles Vondra; (4) Mail Room Manager Diane Cobb; (5) Grievance Coordinator Dovie Turner; and (6) Law Librarian Glenda Merchant.[2] Mitchell generally accuses these defendants of conspiring to obstruct his constitutional right of access to the courts.[3]

---

[1] Amended Complaint, Docket Entry No. 17, p. 3.

[2] Id.

[3] Id. at 3-7.

Prisoners have a constitutionally protected right of access to the courts. See Bounds v. Smith, 97 S. Ct. 1491, 1494 (1977). The right of access for prisoners is not unlimited, however, guaranteeing only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (citing Lewis v. Casey, 116 S. Ct. 2174 (1996)); see also Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993) ("the Supreme Court has not extended [the right of access] to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court").

To establish a denial of access to the courts a prisoner must demonstrate an "actual injury." Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009) (citing Lewis, 116 S. Ct. at 2180). "This requires the inmate to allege that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered." Id. (citing Christopher v. Harbury, 122 S. Ct. 2179, 2187 (2002) (quotation omitted)).

The court acknowledges that Mitchell's pro se pleadings are entitled to a liberal construction, meaning they are subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Nevertheless, neither the Amended Complaint nor any of the many motions filed by Mitchell allege facts showing that his position as a litigant has been prejudiced. Because Mitchell has not

demonstrated that he has been denied the ability to present a nonfrivolous claim as the result of any interference by the defendants, this action will be dismissed for failure to state a claim upon which relief can be granted.

## II. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. This civil action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

2. Plaintiff's Motion for Sanctions (Docket Entry No. 14), Application to Proceed In Forma Pauperis (Docket Entry No. 18), Motion for Default Judgment (Docket Entry No. 19), Motion to Extend Partial Filing Fee and Re-instate Initial Pleading (Docket Entry No. 20), Motion for Leave to File Amended Pleading (Docket Entry No. 21), Motion for Preliminary Injunctive Restraining Order (Docket Entry No. 22), Motion for Sanctions (Docket Entry No. 23), and Motion for Initial Discovery (Docket Entry No. 24) are **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 27th day of January, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE